IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HELIO MARTINEZ,**

    **Plaintiff,**

v.                                                      Civil Action No. __1:15-cv-30__ (Keeley)

**ASPLUNDH TREE EXPERT CO.,**                   Electronically Filed February 25, 2015

    **Defendant.**

## NOTICE OF REMOVAL

To:    Donald Kopp, Clerk                      Allan Karlin, Esq. WVSB #1953
        Harrison County Courthouse          Jane E. Peak, Esq. WVSB #7213
        301 W. Main Street                        Allan N. Karlin & Associates
        Clarksburg, WV 26301-2967           174 Chancery Row
                                                             Morgantown, WV 26505
                                                             304-296-8266
                                                             ank@wvjustice.com
                                                             jep@wvjustice.com

        Notice is hereby given to you in accordance with the provisions of 28 U.S.C. § 1446 that Defendant Asplundh Tree Expert Co. ("Defendant") hereby removes this action to the United States District Court for the Northern District of West Virginia at Clarksburg on the following grounds:

        1.        On January 27, 2015, the West Virginia Secretary of State, as statutory agent for Defendant, accepted service of process on behalf of Defendant in an action commenced in the Circuit Court of Harrison County, West Virginia, styled *Helio Martinez, Plaintiff, v. Asplundh Tree Expert Co., Defendant*, Civil Action No. 15-C-32-3. A copy of the Summons, Complaint, Docket Sheet, and all other documents on file with the Circuit Court of Harrison County, West Virginia are attached hereto as Exhibit 1.

2. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending.

3. This is a civil action over which this Court has original jurisdiction because Plaintiff's Complaint involves complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional amount.

4. At the time the state court action was filed and at the time of the filing this Notice of Removal, Plaintiff is a citizen of the United States and domiciled in the State of West Virginia. *See* Ex. 1 at Ex. A, "Notice of Right to Sue" (providing a Post Office Box in West Virginia for Plaintiff); "Second Amended Complaint" (West Virginia Human Rights Commission Docket No. ERNO-71-14), which is attached hereto as Ex. 2 (stating that Plaintiff is an American born citizen and that he resides in West Virginia); "Modified Final Dismissal and Closing Order" (West Virginia Human Rights Commission Docket No. ERNO-71-14), which is attached hereto as Ex. 3 (providing that Plaintiff's address is in West Virginia). A person's residence provides prima facie evidence of his domicile. *See Johnson v. Xerox Educational Solutions LLC*, No. GJH-14-cv-15422, 2014 WL 5361302, at *2 (D. Md. Oct. 20, 2014) (citing *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish to the contrary.")) Thus, for purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of West Virginia.

5. Defendant is incorporated under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business in Willow Grove, Pennsylvania. *See* "West Virginia Secretary of State Organization Information," which is attached as Ex. 4. Defendant is, therefore, a citizen of the Commonwealth of Pennsylvania under 28 U.S.C. § 1332(c)(1).

6. Because Plaintiff is a citizen of the State of West Virginia and Defendant is a citizen of the Commonwealth of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship exists between the parties inasmuch as Plaintiff and Defendant are citizens of different states.

7. Although Defendant disputes the merits of Plaintiff's entitlement to any recovery, the Complaint and this Notice of Removal establish that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

8. Plaintiff seeks to recover damages pursuant to the West Virginia Human Rights Act, West Virginia Code § 21-5-1, *et seq.*

9. The Prayer for Relief clause of Plaintiff's Complaint does not seek a specific monetary amount. Thus, when determining the amount in controversy, "a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim." *See Scaralto v. Ferrell,* 826 F. Supp. 2d 960, 968 (S.D.W. Va. 2011).

10. Plaintiff's Complaint seeks a variety of damages, including, but not limited to:

    a. "Past and future lost wages, employment benefits, and other compensation;" (*See* Ex. 1, Compl. at Prayer for Relief clause);

    b. "Damages for indignity, emotional distress, embarrassment, and mental anguish in an amount to be determined by the jury;" (*Id.*);

    c. "Punitive damages;" (*Id.*);

3

    d.  "Reasonable attorney fees and costs pursuant to West Virginia Code as set forth above;" (*Id.*)

    e.  "Pre-judgment and Post-judgment interest;" (*Id.*) and

    f.  "Such other and further relief as may appear just and equitable." (*Id.*).

  11. Attorney's fees are an element of the amount in controversy where recovery is authorized by the statute under which the plaintiff claims. *See Burdette v. ReliaStar Life Ins. Co.*, No. 2:06-0210, 2006 WL 1644234, at *2 (S.D.W. Va. June 12, 2006). Significantly, because attorney's fees are recoverable pursuant to the West Virginia Human Rights Act, such fees are to be considered when determining the amount in controversy.

  12. In addition, "[p]unitive damages may be included for the purpose of determining the amount in controversy 'when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff.'" *Id.* (quoting 14B Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3702 (3d ed. 1998)). Here, punitive damages are recoverable under the West Virginia Human Rights Act. *See* Syl. pt. 5, *Haynes v. Rhone-Poulenc, Inc.*, 206 W. Va. 18, 521 S.E.2d 331 (1999) ("Punitive damages are an available form of remedial relief that a court may award under the provisions of W. Va. Code, 5-11-13(c) [1998]."); *see also CSX Transp., Inc. v. Smith*, 229 W. Va. 316, 337-40, 729 S.E.2d 151,172-174 (2012) (upholding punitive damage award of $500,000.00 in case brought under the West Virginia Human Rights Act).

  13. Based on the allegations contained in Plaintiff's Complaint and the damages Plaintiff seeks to recover, Defendant asserts that the amount in controversy is greater than $75,000.00.

14. Based on the foregoing, "competent proof" exists, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D.W. Va. 2005) (quoting *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997)). Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

15. Thus, the state court action is properly removable pursuant to 28 U.S.C. § 1441(a) and (b) to the District Court of the United States embracing the place where such action is pending.

16. The United States District Court for the Northern District of West Virginia embraces the district in which the state court action is now pending.

17. Defendant has complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

18. After filing this Notice of Removal, Defendant will promptly provide written notice of the filing to Plaintiff and to the Clerk of the Circuit Court of Harrison County, West Virginia where the state court action is pending.

WHEREFORE, Defendant Asplundh Tree Expert Co. respectfully prays that the entire state court action be removed from the Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 25th day of February, 2015.

**ASPLUNDH TREE EXPERT CO.**

**By Counsel**

s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
*Attorney for Defendant*
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 353-8180
Email: Joseph.Leonoro@Steptoe-Johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HELIO MARTINEZ,

    **Plaintiff,**

v.                                                 Civil Action No. _____

**ASPLUNDH TREE EXPERT CO.,**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of February, 2015, I have electronically filed *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and on this same day have served a copy of *Notice of Removal* upon counsel of record by depositing a true copy thereof in the United States mail, postage prepaid, in envelopes addressed as follows:

Allan Karlin, Esq. WVSB #1953
Jane E. Peak, Esq. WVSB #7213
Allan N. Karlin & Associates
174 Chancery Row
Morgantown, WV 26505
304-296-8266
ank@wvjustice.com
jep@wvjustice.com

                                           s/ Joseph U. Leonoro
                                           Joseph U. Leonoro (WVSB #10501)
                                           *Attorney for Defendant*
                                           Steptoe & Johnson PLLC
                                           P.O. Box 1588
                                           Charleston, WV 25326-1588
                                           Telephone: (304) 353-8000
                                           Facsimile: (304) 353-8180
                                           Email: Joseph.Leonoro@Steptoe-Johnson.com

031110.00084
6815871