```
CASE NO. 15-C-32                                    OPENED  1/21/2015

   JUDGE...      JAMES A. MATISH

   PLAINTIFF.  HELIO MARTINEZ
VS DEFENDANT.  ASPLUNDH TREE EXPERT CO.

   PRO ATTY..  ALLAN N. KARLIN
   DEF ATTY..


   PAGE#     DATE MEMORANDUM..............

   00001   1/21/15 CCIS, Complaint, Summons thru SOS w/30 day return.      cls
   00002   2/02/15 Summons & Complaint accepted 1/27/15 by Sec of State for
   00003   2/02/15 Asplundh Tree Expert Co                                  td
```



**CERTIFIED MAIL**



02 1R  $06.05⁰
0002009608   JAN 29 2015
MAILED FROM ZIP CODE 25311

BUSINESS & LICENSING
1610-00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0000 5401 89

ASPLUNDH TREE EXPERT CO.
C. T. Corporation System
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 50124

**Defendant:** ASPLUNDH TREE EXPERT CO.
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103 US

**Agent:** C. T. Corporation System
**County:** Harrison
**Civil Action:** 15-C-32
**Certified Number:** 92148901125134100000540189
**Service Date:** 1/27/2015

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

S U M M O N S
CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

HELIO MARTINEZ

                Plaintiff

v.                 15-C-32       JAMES A. MATISH

ASPLUNDH TREE EXPERT CO.
708 BLAIR MILL ROAD
WILLOW GROVE    PA   19090

                Defendant

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA,

    you are hereby summoned and required to serve upon
ALLAN N. KARLIN
Plaintiff's attorney whose address is
174 CHANCERY ROW
MORGANTOWN, WV   26505

an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be _____ above-styled _____ civil action.

DATED: 01/2_



                                          Circuit Court
                                          By _____, Deputy

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

HELIO MARTINEZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 15-C-32-3
　　　　　　　　　　　　　　　　　　　　　　　　Judge Matish

ASPLUNDH TREE EXPERT CO.

    Defendant.

## COMPLAINT

### INTRODUCTION

1. Helio Martinez brings this case for wrongful discharge against defendants Asplundh Tree Expert Co. ("Asplundh") under the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-91 *et. seq.* The Complaint is based on discrimination for race, national origin and/or ancestry.

2. Mr. Martinez initially filed a complaint with the West Virginia Human Rights Commission. Mr. Martinez received a Right to Sue Notice from the Commission dated December 30, 2014. Exhibit A (Revised Notice of Right to Sue). This civil action has been timely filed.

### PARTIES

3. At all times relevant herein, plaintiff Martinez was an employee of Asplundh, as defined at W. Va. Code § 5-11-3(e).

4. Asplundh is a qualified foreign corporation which, at all relevant times herein, was doing business in Harrison County, West Virginia, and was and is an employer under § 5-11-3(d).

[filing stamp: 2015 JAN 21 P 1:05 CIRCUIT COURT FILED IN 15TH]

## FACTS

5. Helio Martinez, who is Hispanic from Puerto Rico, was employed by Asplundh in Pennsylvania and subsequently transferred to West Virginia where he worked in Harrison County.

6. At all relevant times, Mr. Martinez was performing his work in a satisfactory manner.

7. During the course of his employment in West Virginia, Mr. Martinez was placed in charge of the only crew that was made up of only Hispanic members.

8. During his work at Asplundh, Mr. Martinez noted that his Hispanic crew was treated less favorably than non-Hispanic crews. In particular, the equipment provided to Mr. Martinez's crew was inferior to that provided to other crews.

9. Mr. Martinez complained about this problem to management, but the problem was never completely corrected.

10. During Mr. Martinez's employment, at least one Asplundh supervisor was known to say that the Hispanics should go back to where they came from.

11. On or about September 3, 2013, Mr. Martinez was terminated from his employment.

12. He was also falsely accused of wrongdoing in front of other employees.

13. Initially, Asplundh accused Mr. Martinez of being personally involved in wrongdoing based on an alleged surveillance video depicting misconduct.

14. In fact, the videos produced by Asplundh did *not* contain evidence of wrongdoing by Mr. Martinez. Nor did those videos include evidence that Mr. Martinez permitted or condoned wrongdoing by members of his crew.

2

15. Although Mr. Martinez, by counsel, had expressly asked Asplundh to preserve copies of the alleged video evidence, when asked to produce the video that actually showed Mr. Martinez engaging in wrongdoing, Asplundh claimed that there had been four video camera views and that the view(s) that showed wrongdoing by Mr. Martinez could no longer be found.

16. Asplundh then changed its reason for firing Mr. Martinez, claiming that, although he did not personally engage in misconduct, Mr. Martinez was aware of wrongdoing by crew members and failed to stop them.

17. Asplundh has produced no evidence to support either allegation.

18. On information and belief, one or more Asplundh managers also tried to get non-Hispanic employees to say that the Hispanic employees were not doing their work.

19. Asplundh fired Mr. Martinez without even interviewing him and asking for his side of the story which, on information and belief, is contrary to Asplundh's usual policy.

## CAUSE OF ACTION
### (Discrimination Based on Ancestry, National Origin and/or Race and Retaliation)

20. Plaintiff Martinez's termination was motivated, in whole or in substantial part, by his ancestry, national origin and/or race.

21. The reasons given for the discharge of Mr. Martinez were pretextual as Mr. Martinez did not engage in any wrongdoing. In fact, on information and belief, the charges were entirely false and based on stereotypic and prejudiced views of Hispanics.

22. Asplundh has produced no evidence that Mr. Martinez personally engaged in misconduct or condoned or assisted in the misconduct of others. Asplundh's allegation that Mr. Martinez engaged in or condoned misconduct is either a conscious fabrication based on race, ancestry, ethnicity or national origin and/or on stereotypes of Hispanic males.

23. Evidence of an anti-Hispanic and/or Puerto Rican *animus* arises from that fact that one or more Asplundh managers tried to get non-Hispanic employees to say that the Hispanic employees were not doing their work.

24. Asplundh also changed its stated reasons for Mr. Martinez's discharge, further demonstrating the pretextual nature of the reasons for his firing.

25. The discrepancy in the provision of equipment to Mr. Martinez and the Hispanic crew as compared to the non-Hispanic crews is further evidence of a discriminatory *animus* toward Hispanics.

26. As a direct and proximate result of defendant Asplundh's actions, Mr. Martinez has suffered lost wages and benefits in an amount to be proven at trial.

27. As a direct and proximate result of defendant Asplundh's actions, plaintiff is entitled to damages for indignity, emotional distress, embarrassment, and mental anguish in an amount to be determined by the jury.

28. Further, given the disappearance of the video evidence after Asplundh was put on notice to preserve it, there is an adverse inference, under the doctrine of spoliation, that the missing video views support Mr. Martinez and do not, in fact, include any evidence adverse to him.

29. Defendant's actions amount to gross fraud, malice, oppression, and/or involve wanton, willful, and/or reckless conduct and/or criminal indifference to civil obligations affecting the rights of others, entitling Mr. Martinez to punitive damages in an amount to be determined by the jury.

30. Defendant's actions violate the WVHRA entitling Mr. Martinez to attorney fees and costs pursuant to W. Va. Code § 5-11-13.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court award the following damages to the plaintiff:

1. Past and future lost wages, employment benefits, and other compensation;
2. Damages for indignity, emotional distress, embarrassment, and mental anguish in an amount to be determined by the jury;
3. Punitive damages;
4. Reasonable attorney fees and costs pursuant to West Virginia Code as set forth above;
5. Pre-judgment and Post-judgment interest; and
6. Such other and further relief as may appear just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

> Helio Martinez,
> PLAINTIFF,
> BY COUNSEL

_____
ALLAN N. KARLIN, WV BAR # 1953
JANE E. PEAK, WV BAR # 7213
ALLAN N. KARLIN & ASSOCIATES
174 CHANCERY ROW
MORGANTOWN, WV 26505
ank@wvjustice.com
jep@wvjustice.com
304-296-8266

5

BEFORE THE WEST VIRGINIA HUMAN RIGHTS COMMISSION

HELIO MARTINEZ,
       COMPLAINANT,

V.                             DOCKET NUMBER: ERNO-71-14

ASPLUNDH TREE EXPERT COMPANY,
       RESPONDENT.

                            EEOC NUMBER: 17J-2014-00010

## NOTICE OF RIGHT TO SUE

| COMPLAINANT | ATTORNEY/CONTACT PERSON |
|---|---|
| Helio Martinez<br>Post Office Box 4412<br>Clarksburg, WV 26302 | Allan N. Karlin, Esquire<br>Allan N. Karlin & Associates<br>174 Chancery Row<br>Morgantown, WV 26505 |

       This is your **NOTICE OF RIGHT TO SUE**. It is issued pursuant to the requirements of West Virginia Code §5-11-13(b), as amended, which provides that a Notice of Right to Sue be issued upon the dismissal of a Human Rights Commission complaint for any reason other than an adjudication of the merits of the case.

    Your case has been dismissed by the West Virginia Human Rights Commission because: (1) The Commission found no probable cause upon your complaint, (2) you elected not to proceed with your complaint at the Commission, or (3) an administrative closure was proper.



EXHIBIT A

Pursuant to W. Va. Code §5-11-13 (b) and this letter, you are authorized to institute a civil action based upon your Human Rights claim against the responding entity, at any time within **ninety (90) days** following the mailing date of this notice (postmark), or, **if the statute of limitations on your claim has not expired at the end of that ninety-day period**, at any time until the statute of limitations runs out on your claim. Your civil action should be filed in the circuit court of the county where the Respondent resides or transacts business.

If you do not have an attorney you may contact the West Virginia State Bar, Lawyer Referral Services, Capitol Complex, Charleston, West Virginia 25305, telephone number: (304) 558-7991 for referrals.

You have elected to withdraw this matter to proceed in Court, and your case has been dismissed from the docket of this Commission.

If you have any questions about your rights under this Notice, please contact Yodora P. Booth, Director of Operations, West Virginia Human Rights Commission, Room 108A, 1321 Plaza East, Charleston, West Virginia 25301-1400, telephone: 304/558-2616, facsimile: 558-0085.

Entered this 30th day of December, 2014.

WV HUMAN RIGHTS COMMISSION

BY: _____
MARYKAYE JACQUET
DEPUTY DIRECTOR

CERTIFIED MAIL-
RETURN RECEIPT REQUESTED



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Philadelphia Status Line: (866) 408-8075
Philadelphia Direct Dial: (215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Re: 17J-2014-00010 - Withdrawing to Circuit Court

Charging Party Helio Martinez

Docket #: ERNO-71-14

Respondent Asplundh Tree Expert Company

## ACKNOWELDGEMENT OF WITHDRAWAL

The above referenced charge has been dual-filed with the Equal Employment Opportunity Commission (EEOC) by the West Virginia Human Rights Commission (VHRC). The WVHRC has advised EEOC that the above-referenced Charging Party has voluntarily requested that this charge be withdrawn from both WVHRC and EEOC. Therefore, in view of the Charging Party's voluntary request for withdrawal, EEOC will take no further action regarding this charge and will discontinue its processing of the charge. This action does not reflect any judgment by the EEOC as to the merits of the charge. If you have questions regarding this letter, contact EEOC in writing at the address shown on the letterhead above.

This concludes the EEOC's processing of this charge.

_____
Spencer H. Lewis, Jr.
District Director

Date: December 30, 2014