STATE OF WEST VIRGINIA HUMAN RIGHTS COMMISSION

Helio Martinez,

    Complainant,

v.                                                     Docket Number: ERNO-71-14

Asplundh Tree Expert Co.,

    Respondent,

## SECOND AMENDED COMPLAINT

Helio Martinez

residing at 171 Spring Hills Road, Grafton, WV 26354

charge Asplundh Tree Expert Co.

whose address is 5400 D Big Tyler Road, Charleston WV 25313

With an unlawful practice within the meaning of the West Virginia Human Rights Act (Art. 11, Chapter 5, Code of West Virginia) as amended, and specially within the meaning of Section (9) of said Act, because of my RACE _X_, RELIGION __, COLOR __, NATIONAL ORIGIN _X_, ANCESTRY __, SEX __, AGE __, BLINDNESS __, DISABILITY __ or REPRISAL __.

Date of incident, on or about: September 2, 2013 and prior to.

The facts on which the aforesaid charge is based are as follows:

I.    Helio Martinez is an American citizen born in Puerto Rico and currently residing in West Virginia.

II.    Asplundh Tree Expert Co. ("Asplundh") is a corporation engaged in business in the state of West Virginia and is an employer within the meaning of West Virginia Code § 5-11-3(d) because it employed, at all relevant times herein, 12 or more employees in the state of West Virginia.

III.    At all times relevant herein, Mr. Martinez was employed by Asplundh as a supervisor of a work crew working in West Virginia. He was hired by Asplundh on or about September 29, 2011 and continued working for Asplundh until his firing on September 2, 2013.



EXHIBIT 2

IV. As an employee of Asplundh, Mr. Martinez performed his duties which included the supervision of several other Hispanic employees in a satisfactory matter consistent with the needs and expectations of Asplundh.

V. During his work at Asplundh, Mr. Martinez noted that his Hispanic crew was treated less favorably than non-Hispanic crews. In particular, the equipment provided to Mr. Martinez's crew, the only Hispanic crew, was inferior to that provided other crews. Mr. Martinez complained about this problem to management, but the problem was never completely corrected.

VI. In his work, Mr. Martinez was allowed the use of a company vehicle for himself and his crew. Mr Martinez was instructed to take the company vehicle to United Repair and to leave it there for repairs.

VII. Mr. Martinez complied with his instructions and left the vehicle at United Repair.

VIII. The next day, without any prior notice or opportunity to respond to accusations against him, Mr. Martinez and others in his crew were summarily fired. He learned he was fired when his supervisor announced his firing for theft in front of other co-workers.

VIII. In fact, Mr. Martinez had done nothing illegal and had no knowledge of any illegal activity by any of his crew members. Moreover, there is no evidence to support Asplundh's claim that he stole anything or aided anyone else to steal.

IX. On information and belief, based on information obtained from Asplundh, during Mr. Martinez's successful unemployment compensation case, one member of his crew may have taken a cell phone battery charger out of a vehicle in the parking lot of United Repair. However, Mr. Martinez had no knowledge of wrongdoing by the crew member, never aided the crew member in any way and did not otherwise engage in any unlawful activity. Nonetheless, Mr. Martinez was fired without even being given an opportunity to speak on his own behalf or to answer any charges against him.

X. Despite a complete lack of any evidence that Mr. Martinez was responsible for or aware of the act of one or more crew members, Asplundh fired him alleging he was guilty of theft.

2

XI.   The decision to terminate Mr. Martinez for theft, without any evidence of theft, was based on biased, prejudiced and stereotypical attitudes toward Hispanics. There is really no other credible explanation for firing Mr. Martinez other than the notion that, if one Hispanic in a crew stole something from a truck, others must be guilty too. Moreover, the discriminatory treatment of the Hispanic crew is further evidence of a bias or prejudice against Hispanic employees.

XII.   The decision to terminate Mr. Martinez based on a allegation of serious illegal activity without evidence other than the fact that, as a Hispanic, Mr. Martinez must therefore be involved in the illegal activity of one or more other Hispanics, was motivated, in whole or in part, by the fact that Mr. Martinez's is Hispanic in violation of West Virginia Code § 5-11-9.

XIII.   Mr. Martinez has been discriminated against in violation of the West Virginia Human Rights Act because of his Race of Hispanic and National Origin of Puerto Rican.

XIV.   As a direct and proximate result of this discrimination, Mr. Martinez has been damages in the amount of his lost wages and the indignity, humiliation and emotional distress he has endured from his discriminatory termination.

I have not commenced any action, civil or criminal, based upon the facts set forth above.

STATE OF WEST VIRGINIA   )
                         )           X _____
COUNTY OF Monongalia     )              (Signature of Complainant)

Helio Martinez, being duly sworn, deposes and says: that he/she is the Complainant herein; that he/she has read the foregoing complaint and known the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; that as to those matters he believes the same to be true.

3

Subscribed and sworn to before me

this 5th day of June, 2014

_____
(Signature of Notary Public or Attorney)

My Commission Expires: Nov. 12, 2022

X_____
(Signature of Complainant)

```
NOTARY PUBLIC OFFICIAL SEAL
STATE OF WEST VIRGINIA
HARRISON P CASE
C/O ALLAN N KARLIN ATTY-AT-LAW
174 CHANCERY ROW
MORGANTOWN, WV 26505
MY COMMISSION EXPIRES NOV. 12, 2022
```

4

BEFORE THE WEST VIRGINIA HUMAN RIGHTS COMMISSION

**Helio Martinez**
    **Complainant,**

v.                                      Docket Number: ERNO-71-14

                                              EEOC Number: 17J-2014-00010

**Asplundh Tree Expert Co.**
    **Respondent,**

## CERTIFICATE OF SERVICE

I, Yodora Booth, Director of Operations for the West Virginia Human Rights Commission, do hereby certify that I have served the foregoing **Second Amended Complaint** by depositing a true copy thereof in the U.S. Mail, postage prepaid, this day of **June 13, 2014.**

TO:

Helio Martinez
Post Office Box 4412
Clarksburg, WV  26302

Allan N. Karlin, Esquire
Allan N. Karlin & Associates
174 Chancery Row
Morgantown, WV  26505

Joseph Leonoro, Esquire
Steptoe & Johnson PPLC
Chase Tower, Eighth Floor
Post Office Box 1588
Charleston, WV  25326-1588

_____
YODORA P. BOOTH
DIRECTOR OF OPERATIONS